BOND et al. v. HUME. (Circuit Court of Appeals, Fifth Circuit. November 21, 1918.) No. 2309. In Error from the District Court of the United States for the Western District of Texas, Austin Division; Thomas S. Maxey, Judge. Action by Allan Bond and another against J. L. Hume. Judgment for defendant, and plaintiffs bring error. Reversed. See 243 U. S. 15, 37 Sup. Ct. 366, 61 L. Ed. 565. W. D. Caldwell, of Austin, Tex., for plaintiffs in error. Frederick C. Von Rosenberg, of Austin, Tex., for defendant in error. Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. After submission of this cause, a question was certified by us to the Supreme Court, as to the applicability of an Act of the Legislature of Texas, known as the "Bucket Shop Law" (Rev. Crim. Stats. 1911, c. 3, art. 538 et seq.), to a contract for the sale and future delivery of cotton, made and to be performed in the state of New York, and in accordance with the rules of the New York Exchange. The District Court had held that

plaintiffs' (plaintiffs in error's) first amended petition did not set out a cause of action, because the contract sought to be enforced by it was unenforceable, because it was in conflict with the public policy of the state of Texas, evidenced by that act, and had rendered judgment dismissing the petition, upon demurrer sustained. It was from this judgment that the writ of error was taken to this court. The Supreme Court held that the cause of action asserted in the petition, accepting the averments of the petition as true, was susceptible of enforcement in the courts of Texas and in courts of the United States in that state. Bond v. Hume, 243 U. S. 15, 31 Sup. Ct. 366, 61 L. Ed. 565. This determination results in the reversal of the judgment of the District Court. The judgment of the District Court is accordingly reversed, and the cause remanded to the District Court, for further proceedings in conformity with the opinion of the Supreme Court. Reversed and remanded.